1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In the Matter of the Complaint of GLENN FAGERLIN,

_____/

No. C-08-5225 EMC

**REPORT AND RECOMMENDATION RE PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDERS**

**(Docket No. 2)**

Plaintiff Glenn Fagerlin initiated this limitation of liability action pursuant to the Limitation of Liability Act, *see* 46 U.S.C. § 30511, and Supplemental Admiralty Rule F.  Mr. Fagerlin seeks: (1) an order enjoining the prosecution of any and all other claims; and (2) an order directing the issuance of notice to potential claimants.  Having considered Mr. Fagerlin's brief and accompanying submissions, as well as the oral argument of counsel for Mr. Fagerlin, the Court hereby recommends that his ex parte application be **GRANTED**.[1]

///
///
///

_____

[1] Although Mr. Fagerlin has consented to proceeding before a magistrate judge, claimants who may appear in this action may not.  *See* 28 U.S.C. § 636(c)(1) (allowing a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" but only "[u]pon the consent of the parties"); *United States v. Real Property*, 135 F.3d 1312, 1316-17 (9th Cir. 1998) (implicitly holding that the proper filing of a claim confers "party" status for purposes of 28 U.S.C. 636(c)(1)).  Furthermore, Mr. Fagerlin seeks injunctive relief and a magistrate judge is not permitted to rule on a motion for such relief.  *See id.* § 636(b)(1)(A) (providing that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief").

**United States District Court**
For the Northern District of California

## I.  FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Fagerlin alleges as follows.

Mr. Fagerlin is the owner of a forty-five-foot Catamaran named "Perception."  *See* FAC ¶ 2.
On June 8, 2008, Mr. Fagerlin was sailing the Perception in the San Francisco Bay.  *See* FAC ¶ 12.
There was a collision with another vessel, the "Touch of Gray."  *See* FAC ¶ 13.  Each vessel
sustained damage to the hull.  *See* FAC ¶ 13.

Mr. Fagerlin is informed and believes that Joseph Eric Archuleta is the owner of the Touch
of Gray.  *See* FAC ¶ 3.  Mr. Archuleta was on the Touch of Gray on the day of the accident.
*See* FAC ¶ 3.  Other passengers and/or crew members on the Touch of Gray on the day of the
accident included James R. Cox, John Dale Prater, Galen Angel Sepulveda, and Nick John Dozier.
*See* FAC ¶¶ 5-8.

After the accident occurred, Mr. Archuleta initiated a state court action against Mr. Fagerlin ,
claiming negligence and infliction of emotional distress.  *See* FAC ¶ 15.  According to Mr. Fagerlin,
Mr. Archuleta has yet to perfect service of process in the state court action.  *See* FAC ¶ 15.

Also, since the day of the accident, Mr. Archuleta made a claim to St. Paul Fire & Marine
Insurance Company, which is the insurer of the hull and machinery on the Touch of Gray.  *See* FAC
¶¶ 4, 16.  Mr. Fagerlin is informed and believes that St. Paul paid the claim.  *See* FAC ¶ 16.
According to Mr. Fagerlin, St. Paul has now filed suit against him in state court, seeking damages in
the amount of $16,727.69, although service of process has yet to be perfected.  *See* FAC ¶ 15.

The fair market value of the Perception, as it stands post-collision, is approximately
$160,000.  *See* FAC ¶ 11 & Ex. A (stating that there was an appraisal post-collision on October 4,
2008, and providing copy of appraisal).

Mr. Fagerlin initiated the instant lawsuit on November 19, 2008.  *See* Docket No. 1
(complaint).

## II.  DISCUSSION

Title 46 U.S.C. § 30511 of the Limitation of Liability Act provides that "[t]he owner of a
vessel may bring a civil action in a district court of the United States for limitation of liability under
this chapter [46 U.S.C. § 30501 *et seq.*].  The action must be brought within 6 months after a

claimant gives the owner written notice of a claim."[2]  46 U.S.C. § 30511(a).  The statute further provides:

> (b)  Creation of fund.  When the action is brought, the owner . . . shall --
>
>> (1)  deposit with the court, for the benefit of claimants --
>>
>>> (A)  an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security; and
>>>
>>> (B)  an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 U.S.C. § 30501 *et seq.*]; or
>>
>> (2)  transfer to a trustee appointed by the court, for the benefit of claimants --
>>> (A)  the owner's interest in the vessel and pending freight; and
>>> (B)  an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter [46 USCS §§ 30501 *et seq.*].

*Id.* § 30511(b).  Finally, the statute states that, "[w]hen an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease."  *Id.* § 30511(c).

Consistent with § 30511, Supplemental Admiralty Rule F provides that,

> [n]ot later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court . . . for limitation of liability pursuant to statute.  The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended.

---

[2] "[T]he prevailing view of the Courts of Appeals is that the Act itself arguably does not create a basis for federal jurisdiction. . . . Normally, since the right to limitation arises out of a casualty involving a vessel, the jurisdictional basis will be admiralty."  29-708 Moore's Fed. Prac. -- Civ. § 708.02.

Supp. Admir. R. F.  Unlike § 30511, however, Supplemental Admiralty Rule F also requires a plaintiff in an action for limitation of liability to "give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security."  Supp. Admir. R. F(1).

In addition to the above, Supplemental Admiralty Rule F provides that, once the owner has made the deposits described above, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease."  Supp. Admir. R. F(3).  It goes on further to state that, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."  Supp. Admir. R. F(3).

Finally, Supplemental Admiralty Rule F provides that, once the owner has made the deposits described above,

> the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.  The date so fixed shall not be less than 30 days after issuance of the notice.  For cause shown, the court may enlarge the time within which claims may be filed.  The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.  In cases involving death a copy of such notice shall be mailed to the decedent at the decedent's last known address, and also to any person who shall be known to have made any claim on account of such death.

Supp. Admir. R. F(4).

Notably, a "claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased" -- either "on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight" or "on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury."  Supp. Admiralty R. F(7).

**United States District Court**
For the Northern District of California

A.      Security

As noted above, both § 30511 and Supplemental Rule F require Mr. Fagerlin to provide certain security in order to proceed with his limitation of liability action.

1.      Stipulation as Security in Lieu of Cash or Bond

As a preliminary matter, the Court notes that, in an admiralty proceeding such as this, a stipulation is all that is needed for security -- *i.e.*, not a deposit of cash or a posting of a bond. Moore's treatise explains: "[A] stipulation is generally accepted as security if backed up by insurance covering the vessel's potential liabilities.  If there is no insurance, or the insurance is inadequate to cover the value of the vessel . . . , or, alternatively, the amount of the claims against the owner, then other forms of security may be required, such as a bond or cash."  29-708 Moore's Fed. Prac. -- Civ. § 708; *see also* 3 Benedict on Admiralty § 14, at 2-12 (7th ed. 2008) ("If the ship is still useful to [the shipowner], and he desires to keep her in operation, he will have her appraised and furnish the court with an approved surety company stipulation or pay the cash value for which the ship is appraised, plus freight.").

2.      Security for Costs

As stated above, Supplemental Admiralty Rule F expressly requires a plaintiff in an action for limitation of liability to "give security for costs."  Supp. Admir. R. F(1).  Mr. Fagerlin therefore must be willing to provide security for costs in order for his limitation of liability action to proceed. Admiralty Local Rule 5-1 provides that "[t]he amount of security for costs under FRCivP Supp F(1) shall be $1,000 unless otherwise ordered, and may be combined with the security for value and interest."  Admir. L.R. 5-1.  The Court therefore recommends that Mr. Fagerlin provide security in the amount of $1,000 to cover costs, although a claimant is not barred from asking for a greater amount of security for costs.  The security may be in the form of a stipulation.

3.      Security for Value and Interest

Both the Limitation of Liability Act and Supplemental Admiralty Rule F require a plaintiff (1) to deposit a certain amount of security with the court *or* (2) to transfer his interest in the vessel and pending freight to a trustee to be appointed by the court, in order to proceed with an action for

**United States District Court**
For the Northern District of California

1    limitation of liability.  In the instant case, Mr. Fagerlin provided, as an attachment to his original

2    complaint, a letter of undertaking in which he states, under penalty of perjury, as follows:

3                  I undertake to keep and maintain the PERCEPTION in trust,
             and not dispossess myself of her or any interest in her, and/or to
4            maintain personal monetary reserves in the amount of $160,000 plus
             six percent yearly interest, pending the court's adjudication (after final
5            appeals, if any) of any claims against me as a result of the collision.  In
             the event of a final decree (after final appeals, if any) being entered
6            against me, I agree to pay the full amount of any such claim, up to and
             including the value of the PERCEPTION, $160,000.  This undertaking
7            is not an admission of any liability whatsoever, or any waiver of rights
             that I or the PERCEPTION may possess.

8

9    Compl., Ex. A.

10           At the hearing on Mr. Fagerlin's ex parte application, the Court initially noted that it was not

11   inclined to recommend that Mr. Fagerlin be appointed as trustee because it was not aware of any

12   authority stating that a plaintiff in a limitation of liability action may be appointed trustee.

13   Moreover, Mr. Fagerlin had not cited to any such authority.  The Court was concerned that Mr.

14   Fagerlin, subject to claims against the vessel, might not necessarily act in the interests of the

15   claimants, particularly when the security held by the trust was a mere undertaking by Mr. Fagerlin.

16           The Court therefore examines whether Mr. Fagerlin has offered to provide adequate security.

17   There is evidence in the record that the vessel at issue has been appraised at approximately

18   $160,000.  *See* FAC, Ex. A (appraisal).  Furthermore, Mr. Fagerlin has declared under penalty of

19   perjury that he will pay $160,000.  *See* Compl., Ex. A (letter of undertaking).  Finally, counsel for

20   Mr. Fagerlin has now (after the hearing on the ex parte application) submitted a declaration stating

21   that he has created a trust account for purposes of the litigation and that Mr. Fagerlin has wired the

22   sum of $165,500 into the trust account.  "The sum of $165,[5]00 represents (a) the independently

23   appraised value of the S/V PERCEPTION as of October 2008 ($160,000); (b) 6% annual interest on

24   $16[0],000 for a period of six months ($4,800); and (c) filing fees for two potential claimants who

25   have filed legal actions in California State court ($700)."  Donlon Decl. ¶ 3.

26           In light of the appraisal, the Court recommends that the $160,000 in the trust account is

27   adequate security for the value of the vessel.  In addition, the amount of $4,800, representing six

28   percent interest on the value of the vessel, is, for the time being, adequate security, although a

United States District Court

For the Northern District of California

1    claimant or the presiding judge may wish to have that amount increased if the litigation continues

2    beyond six months.  Finally, as noted above, the Court recommended that Mr. Fagerlin be required

3    to provide security for costs in this litigation in the amount of $1,000.  Mr. Fagerlin has provided

4    funds of $700; the Court recommends that an additional $300 be placed into the trust account to

5    represent security for costs.  Of course, the security in the trust account shall be subject to the

6    provisions of Supplemental Admiralty Rule F, which allows a potential claimant to contest the

7    security provided.  *See* Supp. Admir. R. F(7).  Given that the trust now holds cash as security, the

8    risk that Mr. Fagerlin, as trustee, would act to the detriment of the client is no longer substantial.

9    B.     <u>Stay and/or Injunction</u>

10         In his application, Mr. Fagerlin also seeks an order enjoining the prosecution of any and all

11   other claims against him with respect to the matter at issue.  As noted above, both the Limitation of

12   Liability Act and Supplemental Admiralty Rule contemplate a stay and/or injunction once proper

13   security has been provided.  46 U.S.C. § 30511(c) states that "[w]hen an action has been brought

14   under this section and the owner has complied with subsection (b), all claims and proceedings

15   against the owner related to the matter in question shall cease."  Supp. Admir. R. F (3) states that

16   "[u]pon the owner's compliance with subdivision (1) of this rule all claims and proceedings against

17   the owner or the owner's property with respect to the matter in question shall cease" and that, "[o]n

18   application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding

19   against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the

20   action."  *See also Esta Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 236 (9th Cir. 1989) (noting

21   that, pursuant to the above provisions, "admiralty courts issue a restraining order or an injunction

22   staying all proceedings pending elsewhere"); *In re San Francisco Bar Pilots*, No. C05-02975 MJJ,

23   2006 U.S. Dist. LEXIS 2147, at *3 (N.D. Cal. Jan. 24, 2006) (stating that, "[w]hen, as here, a

24   shipowner invokes the protection of the act, a district court is empowered to issue a restraining order

25   or injunction staying all proceedings against the shipowner arising out of the incident").

26         Because the Court is recommending that the presiding judge approve the security provided

27   by Mr. Fagerlin, the Court recommends that a stay and injunction be issued -- that is, so long as Mr.

28   Fagerlin provides additional security for costs in the amount of $300.  Consistent with Supplemental

1   Admiralty Rule F, the stay and injunction should bar only prosecution of "any action or proceeding

2   against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the

3   action." Supp. Admir. R. F(3).

4   C.      Notice

5          Finally, Mr. Fagerlin asks for an order directing the issuance of notice to potential claimants.

6   The Court hereby recommends that notice in the form described below be provided.  Consistent with

7   Supplemental Admiralty Rule F, the notice should be published in (1) the *Recorder* and (2) the *San*

8   *Francisco Chronicle* for four successive weeks prior to the date fixed for the filing of claims, which

9   shall not be less than 30 days after issuance of the notice.[3]  *See* Supp. Admir. R. F(4).  Moore's

10  treatise advises setting the claims bar date 60-120 days from the date of the notice, depending on the

11  number of expected claimants.  *See* 29-708 Moore's Fed. Prac. -- Civ. § 708.01[1] ("The length of

12  time to be allowed will generally be determined by the number of expected potential claimants and

13  allowing a reasonable time period for them to learn of the pendency of the limitation action and file

14  their claims.").

15         In addition, consistent with Rule F, the notice should be mailed to all known potential

16  claimants, including but not limited to those persons identified in Plaintiffs' complaint.  *See* Supp.

17  Admir. R. F(4).

18                              **III.   RECOMMENDATION**

19         For the foregoing reasons, the Court recommends that the relief sought by Mr. Fagerlin be

20  granted, contingent upon Mr. Fagerlin providing an additional $300 as security for costs (for a total

21  of $1,000 as security for costs).  More specifically, the Court recommends:

22  (1)     That the security provided by Mr. Fagerlin (which includes six months of interest on the

23            principal amount of $160,000 at the rate of 6% per annum) be approved, subject to the

24            provisions of Supplemental Admiralty Rule F, which allows the presiding judge to require

25

26  _____

27         [3] In his proposed order, Mr. Fagerlin suggested that publication notice in the *Recorder* would
    be adequate.  The Court, however, recommends that there should also be publication notice in a
28  newspaper of general circulation, such as the *San Francisco Chronicle*.  Supplemental Admiralty Rule
    F contemplates publication notice in more than just one newspaper.  *See* Supp. Admir. R. F(4).

1    additional security and which allows a potential claimant to contest the security provided.

2    *See* Supp. Admir. R. F(1), (7).

3    (2)   That a stay and injunction be issued that bars prosecution of any action or proceeding against

4    Mr. Fagerlin or his property "with respect to any claim subject to limitation in the action."

5    Supp. Admir. R. F(3).

6    (3)   That publication notice be made in (a) the *Recorder* and (b) the *San Francisco Chronicle* for

7    four successive weeks prior to the date fixed for the filing of claims  *See* Supp. Admir. R.

8    F(4).  The date fixed for the filing of claims shall be no less than 60 days after issuance of the

9    notice.

10   (4)   That mail notice be made on all known potential claimants, including but not limited to those

11   persons identified in Plaintiffs' complaint.  *See* Supp. Admir. R. F(4).  Such mail notice

12   should include as an attachment a copy of Supplemental Admiralty Rule F, since it provides

13   specific information as to how a claimant should file a claim and/or answer and how a

14   claimant should contest the security provided.  Furthermore, such mail notice should be

15   made no later than the date of the second publication notice as provided by Supplemental

16   Admiralty Rule F.  *See* Supp. Admir. R. F(4).

17   (5)   That the language of the publication notice and mail notice be in the following form (with a

18   copy of Supplemental Admiralty Rule F to be attached to the mail notice):

19        Notice is hereby given that Plaintiff GLENN FAGERLIN, as
owner of a 45-foot Catamaran named Perception, has filed a complaint
20   in the U.S. District Court for the Northern District of California
pursuant to 46 U.S.C. § 30501 *et seq.*, claiming the right to
21   exoneration from, or limitation of liability for, all claims allegedly
resulting from an incident which occurred on or about June 8, 2008,
22   when the vessel described above was involved in a collision in the San
Francisco Bay with another vessel named Touch of Gray, all as more
23   fully set forth in the complaint.

24        All persons asserting claims with respect to which the
complaint seeks limitation are admonished to (**1**) file their respective
25   claims with the Clerk of this Court at the United States District Court,
Northern District of California, U.S. Courthouse, 450 Golden Gate
26   Ave., 16th floor, San Francisco, California 94102, **and** (**2**) to serve on
attorneys for Mr. Fagerlin, Severson & Werson, 1 Embarcadero
27   Center, Suite 2600, San Francisco, California 94111, a copy of their
claims.  Filing and service of the claims must be made on or before
28   _____, 2009, or the claims shall be **defaulted**, *i.e.*, they shall forever

1   be barred.  A claim must specify the facts upon which the claimant
    relies in support of the claim, the items thereof, and the dates on which
2   the same accrued.  A personal appearance is not required.

3       Any claimant desiring to contest either the right to exoneration
    from or the right to limitation of liability shall, **in addition to the**
4   **above**, file and serve an answer to the complaint as required by
    Supplemental Admiralty Rule F to the Federal Rules of Civil
5   Procedure (available at http://www.uscourts.gov/rules/), unless the
    claim has included an answer.

6
        A claimant has the right to demand, by motion, that any
7   security given by Mr. Fagerlin be increased on the ground that it is
    less than the value of Mr. Fagerlin's interest in the vessel and pending
8   freight or that it is insufficient to carry out the provisions of the
    statutes relating to claims in respect of loss of life or bodily injury.

9

10      Any party may file objections to this report and recommendation with the district judge

11  within ten days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b);

12  Civil L.R. 72-3.

13

14

15  Dated:  January 23, 2009

16                                          _____
                                            EDWARD M. CHEN
17                                          United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California